UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

JUN 30 2000

MICHAEL N. MILBY CLERK

| | | |
|---|---|---|
| MARY COLLINS, THOMAS MURPHY, ROBERT POLANCO, MARK WAGNER, JOHN CAMPBELL AND WELDON WALKER | § § § § § § § § | |
| VS. | | CIVIL ACTION NO. C-00-066 |
| CITY OF CORPUS CHRISTI | | |

### DEFENDANT CITY OF CORPUS CHRISTI'S FIRST AMENDED ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Defendant, City of Corpus Christi and for amended answer herein states as follows:

### I.

### RESPONSE TO INDIVIDUAL PARAGRAPHS OF THE COMPLAINT

1. With regard to paragraph I of Plaintiffs' Complaint, Defendant admits only that Plaintiffs are alleging violations of the listed statutes. Defendant denies that any statutory violations occurred. There is a question whether said statutes confer jurisdiction.

2. With regard to paragraph II of Plaintiffs' complaint, Defendant admits that the named Plaintiffs are or were employed by the City of Corpus Christi. Defendant admits that it is a municipal political subdivision of the State of Texas and that it has been served with process. Defendant admits that Section 203 defines the term "public agency" to include political subdivisions of states. The remainder of the allegations of this paragraph are denied.

3. With regard to paragraph III of Plaintiffs' complaint, Defendant has insufficient information to form a belief as to the truth of the allegations therein.

4. Defendant denies the allegations of paragraph IV of the Plaintiffs' complaint.

5. With regard to paragraph V of Plaintiffs' complaint, Defendant admits that it employs firefighters. Defendant denies that the Corpus Christi Fire Department has a separate legal existence from the City of Corpus Christi. The remainder of the allegations of this paragraph are denied.

6. With regard to paragraph VI, Defendant admits that the statutory definition of "public agency" includes political subdivisions of states. Defendant admits that the statutory definition of "activities performed for a business purpose" include the activities of a public agency. Defendant admits that the statutory definition of enterprise includes "related activities ... for a common business purpose ...". The remainder of the allegations of this paragraph are denied.

7. With regard to paragraph VII, Defendant admits that the statutory definition of "public agency" includes political subdivisions of states.

8. Defendant denies the allegations contained in paragraphs VIII, IX, X and XI of Plaintiffs' complaint.

9. With regard to paragraph XII of Plaintiffs' complaint, Defendant acknowledges Plaintiffs' request for a jury trial.

10. Defendant denies that Plaintiffs are entitled to any of the relief requested in their prayer.

11. Defendant denies all of the allegations of Plaintiffs' complaint not admitted herein.

## II.

## DEFENSES

12. For further answer, if the same be necessary, Defendant pleads the defenses of governmental immunity or in the alternative, the exceptions, exclusions, and limitations of liability contained in the Civil Practice and Remedies Code Section 101.001 et. seq.

13. In the alternative, Defendant denies that all Plaintiffs are similarly situated.

14. Defendant asserts that statutes of limitation and/or laches bar this suit.

15. In the alternative, Defendant asserts that it acted in good faith and had reasonable grounds for believing that its acts were not violative of the FLSA or Chapter 142.

16. In the alternative, Defendant asserts that Plaintiffs are exempt or partially exempt under applicable law.

17. Defendant asserts that it is immune from this suit under principles of sovereign/constitutional/ governmental immunity. Defendant is immune from punitive damages.

18. In the alternative, Defendant asserts that it is entitled to a credit or offset for all extra or premium compensation paid to Plaintiffs in addition to what is required.

19. In the alternative, Defendant asserts that the Department of Labor has investigated this case and found no violations.

20. Defendant asserts that it has in good faith relied on Department of Labor opinion letters and other D.O.L. documents and has acted in conformity therewith in its compensation practices.

21. In the alternative, Defendant asserts the defense of equitable estoppel.

22. In the alternative, Plaintiffs have failed to exhaust their administrative remedies.

23. In the alternative, Defendant asserts that it and its employees are entitled to qualified and official immunity.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiffs take nothing by their cause; that Defendant go hence without day, and recover its costs and attorney fees and for such other and further relief, both general and special at law and in equity, to which it may prove itself justly entitled.

Respectfully submitted,

**James R. Bray, Jr.**, City Attorney

By: _____

**PETER G. MERKL**
Assistant City Attorney
State Bar I.D. No.  13955300
Fed. I.D. No.  13564
**City of Corpus Christi**
P.O. Box 9277
Corpus Christi, Texas  78469-9277
(361) 880-3368
(361) 880-3239 FAX

**ATTORNEY IN CHARGE FOR DEFENDANT
CITY OF CORPUS CHRISTI**

## CERTIFICATE OF SERVICE

I do hereby certify that on this **28th** day of **June, 2000**, a true and correct copy of Defendant City of Corpus Christi's First Amended Original Answer was served on the following:

**VIA CM/RRR P 181 132 567:**

Kathleen L. Day
Attorney at Law
P. O. Box 1517
Corpus Christi, TX 78403-1517

**VIA CM/RRR P 181 132 568:**

Mr. Kim Cox
Attorney at Law
1014 Texas Avenue
P. O. Box 331394
Corpus Christi, Texas 78463-1394

_____
**PETER G. MERKL**