United States District Court
Southern District of Texas
FILED

SEP 1 5 2000

Michael N. Milby, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| MARY COLLINS, THOMAS MURPHY, | § | |
| ROBERT POLANCO, MARK WAGNER, | § | |
| JOHN CAMPBELL AND WELDON | § | |
| WALKER | § | |
| | § | CIVIL ACTION NO. C-00-066 |
| VS. | § | |
| | § | |
| CITY OF CORPUS CHRISTI | § | |

**DEFENDANT CITY OF CORPUS CHRISTI'S
MOTION FOR SUMMARY JUDGMENT**

Defendant, City of Corpus Christi, moves for Summary Judgment on all claims asserted by

Plaintiffs.  In support thereof, Defendant  shows the following:

**I.**

**OVERVIEW OF PLAINTIFFS' CLAIMS**

Plaintiffs claim that under the provisions of both the Fair Labor Standards Act (FLSA) and

a collective bargaining agreement, Defendant owes overtime wages for each hour worked over 40

in a week.  Plaintiffs also contend that provisions of Chapter 142 of the Texas Local Government

Code require overtime pay for all hours worked over 40.  Defendant relies on the pleadings and the

attached exhibits.

**II.**

**SUMMARY JUDGMENT STANDARD**

The standard for evaluation of motions for summary judgment is well established.  The

moving party "bears the initial responsibility of informing the district court of the basis of its motion,

and  identifying  those  portions  of  'the  pleadings,  depositions,  answers  to  interrogatories,  and

admissions on file, together with the affidavits, if any', which it believes demonstrates the absence

of a genuine issue of material fact.' ... (citations omitted).  The moving party 'need not <u>negate</u> the

elements of the non-movant's case.  <u>Wallace v. Texas Tech Univ.</u>, 80 F.3d 1042, 1046-47 (5th Cir.

1996) citing <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (En banc) (Emphasis in

original).  Once a summary judgment motion is made, "the non-movant must go beyond the

pleadings and designate specific facts in the record showing that there is a genuine issue for trial.

<u>Id.</u> Neither 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the non-movant's

burden." <u>Wallace</u> at 1047.

### III.

### PLAINTIFFS' ALLEGATIONS AS THEY RELATE TO CORE LEGAL ISSUES

A.      Plaintiffs assert that the FLSA requires payment of overtime for hours worked over

40 in a week period.  As a political subdivision of the State of Texas, the City of Corpus Christi is

a "Public Agency" as defined in the Fair Labor Standards Act at 29 USC 203(x).  Because the City

employs persons engaged in fire protection activities and law enforcement activities, it qualifies for

the partial exemption contained in Section 207(k) of the FLSA.  In their agreements with the City,

the Fire Union has collectively bargained a twenty-seven day work cycle (Exhibit 1, p.8; Exhibit 2,

p.3).  Under Section 207(k) of the FLSA and Department of Labor regulations (29 CFR § 553.230)

(Exhibit 3) no overtime is due fire protection employees until they have worked over 204 hours.  The

City is not therefore obligated by the FLSA to pay overtime to its fire protection personnel when

they work in excess of 40 hours per week.  This position is supported by the expert report of

Raymond Cordelli, attached hereto as Exhibit 4.

B.      Plaintiffs also contend that the City agreed to pay overtime for hours worked over 40

in a collective bargaining agreement.  Attached (Exhibit 1 and Exhibit 2) are agreements between

the City of Corpus Christi and the Corpus Christi Firefighters' Association dated August 1996 through July 1997 and August 1997 through July 2000. Nowhere in these documents does the City agree to pay overtime for time worked in excess of 40 hours in a work week. This position is supported by the expert report of Raymond Cordelli, attached hereto as Exhibit 4.

C.      Plaintiffs contend that they are entitled to overtime wages for hours worked in excess of 40 under the provisions of Texas Local Government Code Sections 142.0015(f) and 142.0015(h). That is incorrect. Both of these provisions apply only to police officers. However, even if the provisions applied to them, the firefighters' agreements with the City of Corpus Christi specifically provide that, "For purposes of overtime calculations under the Fair Labor Standards Act, the city shall utilize a 27 day work cycle ...." (Exhibit 1, p.8; Exhibit 2, p.3) Those agreements also provide that their terms shall prevail over any state civil service statute (Exhibit 1, p.90; Exhibit 2, p.39). Therefore, under the provisions of Section 174.006 of the Texas Local Government Code, the terms of the agreements prevail over the provisions of Local Government Code Chapter 142. <u>Kierstead v. City of San Antonio</u>, 643 S.W.2d 118 (Tex.1982)

WHEREFORE, Defendant, City of Corpus Christi, requests that the Court enter judgment that Plaintiffs take nothing, and that the Defendant recover costs from Plaintiffs. This Defendant prays for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**James R. Bray, Jr.**, City Attorney

By: _____
**PETER G. MERKL**
Assistant City Attorney
State Bar I.D. No. 13955300
Fed. I.D. No. 13564
**City of Corpus Christi**

P.O. Box 9277
Corpus Christi, Texas  78469-9277
(361) 880-3368
(361) 880-3239 FAX

## CERTIFICATE OF SERVICE

I do hereby certify that on this **15th** day of **September, 2000**, a true and correct copy of

Defendant City of Corpus Christi's Motion for Summary Judgment was served on the following:

**VIA CM/RRR Z 430 759 440:**

Kathleen L. Day
Attorney at Law
P. O. Box 1517
Corpus Christi, TX 78403-1517

**VIA CM/RRR Z 430 759 441:**

Mr. Kim Cox
Attorney at Law
1014 Texas Avenue
P. O. Box 331394
Corpus Christi, Texas 78463-1394

_____

**PETER G. MERKL**

ClibPDF - www.fastio.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARY COLLINS, THOMAS MURPHY, | § | |
| ROBERT POLANCO, MARK WAGNER, | § | |
| JOHN CAMPBELL AND WELDON | § | |
| WALKER | § | |
| | § | **CIVIL ACTION NO. C-00-066** |
| VS. | § | |
| | § | |
| CITY OF CORPUS CHRISTI | § | |

## FINAL SUMMARY JUDGMENT

On _____, 2000, the Court considered the Motion for

Summary Judgment filed in this cause by Defendant, City of Corpus Christi. The Court, after

examining the pleadings and the Summary Judgment Motion is of the opinion and finds that

Defendant, City of Corpus Christi is entitled to summary judgment as follows:

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that Plaintiffs take

nothing against Defendant, City of Corpus Christi and that Defendant recover all costs on its behalf

expended of and from Plaintiffs, for which let execution issue.

**SIGNED** this _____ day of _____, 2000.


_____
UNITED STATES DISTRICT JUDGE


I LEG-DIR\NOEMI\PETER\LIT 4455COLL 4455PM17 PLD          5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARY COLLINS, THOMAS MURPHY, | § | |
| ROBERT POLANCO, MARK WAGNER, | § | |
| JOHN CAMPBELL AND WELDON | § | |
| WALKER | § | |
| | § | **CIVIL ACTION NO. C-00-066** |
| VS. | § | |
| | § | |
| CITY OF CORPUS CHRISTI | § | |

## AFFIDAVIT OF CYNTHIA C. GARCIA

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF NUECES | § |

BEFORE ME, the undersigned official, on this day appeared Cynthia C. Garcia, Director of Human Resources, City of Corpus Christi, who is personally known to me, and first being duly sworn according to law upon her oath deposed and said:

"I am over 18 years of age, and I reside at 441 Poenisch, Corpus Christi, Texas, 78412. I have never been convicted of a crime, and I am fully competent to make this affidavit. I have personal knowledge of the facts stated herein, and they are all true and correct.

I am Director of Human Resources. Attached hereto as Exhibits "1 and 2" are records from the Human Resources Department. I am the custodian of these records. They were made at or near the time of the events recorded, by or from information transmitted by a person with knowledge. They were kept in the course of a regularly conducted business activity, and it was the regular practice of that business activity to make such records. The copies are true and correct."

_____
**CYNTHIA C. GARCIA**

SUBSCRIBED AND SWORN TO BEFORE ME, the said CYNTHIA C. GARCIA, on this the 15th day of September, 2000, to certify which witness my hand and seal of office.



NOEMI MARIE PEREZ
MY COMMISSION EXPIRES
June 26, 2002

_____
**NOTARY PUBLIC**

4455PM18 AFF

ClibPDF - www.fastio.com

# EXHIBITS <u>NOT</u> IMAGED

ClibPDF - www.fastio.com