United States District Court
Southern District of Texas
FILED

OCT 13 2000

MICHAEL N. MILBY, CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MARY COLLINS, ET AL.** | § § § | |
| | § | **CIVIL ACTION NO. 00-066** |
| **V.** | § | **JURY DEMAND** |
| | § | |
| **CITY OF CORPUS CHRISTI** | § | |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW** Plaintiffs MARY COLLINS, et al., (hereinafter referred to as "Collins, et al"), by and through their counsel of record, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, and moves for Summary Judgment, as follows:

### I.

### REGULAR RATE OF PAY NOT CORRECTLY CALCULATED

1. Federal law, 29 U.S.C.§ 207(e), requires that overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed. 42 C.F.R.§ 778.108 defines "regular rate" as an individual's "total remuneration for employment (except statutory exclusions)" in a pay period divided by the total number of hours in that pay period.

**A. City fails to consider all "add-ins" in calculation of "regular rate" for overtime.**

2. In calculating "regular rate," the City does not include all add-ins. The Fifth Circuit, in *Moreau v. Klevenhagen*, 956 F. 2d 516 (5th Cir. 1992), held that all add-ins must be included in the calculation of "regular rate." Pursuant to the Contract, this would include:

a. Longevity Pay (p. 10 of 1997 Contract);

1

b. Working Out-of-Classification (p. 6 of 1997 Contract);

c. Uniform Pay (p. 6 of 1997 Contract);

d. Education Incentive Pay (p. 7 of 1997 Contract);

e. Certification Pay (p. 11 of 1997 Contract);

f. Assignment Pay (p. 11 of 1997 Contract); and

g. Any other regularly scheduled pay.

3. The City does not presently add all of these "add-ins" into their calculations of "regular rate" for determination of an overtime pay rate. *See*, Exhibit 1, Affidavit of Davis and Exhibit 2, Paystubbs of Davis, attached to Plaintiff's Response to Defendant's Motion for Summary Judgment and; Exhibits 1 and 2 attached to Defendant's Motion for Summary Judgment.

### B. Firefighters work more hours, on an average during a year, than for which they are paid.

4. Firefighters presently are paid for 108 hours during a two-week pay period pursuant to Article IV of the 1997 Contract. In 364 days they are paid for 2,808 hours by contract. However, most firefighters work every third day with four regularly scheduled days off ("Kelly days") during the course of a year. 364 divided by 3 times 24 (hours in a day) equals 2912. Subtracting the 96 hours for Kelly days (4 x 24) leaves a total worked on an average per year of 2816, or 8 hours more than for which they are being compensated under the 1997 Contract.

5. For firefighters, the maximum number of hours allowed by the FLSA is 2756 during the course of a year. 29 C.F.R. 553.230. If held to the FLSA maximum, which they should be, the City would owe firefighters working 2816 hours in the course of a year a total of 60 hours pay.

6. The City and firefighters have adopted a 27 day pay period for determining overtime (see Article IV(A) of the 1997 Contract). The FLSA requires that hours worked and overtime be calculated for this 27 day pay period and not averaged out over a year's time. In a 27 day period, a firefighter who misses no days of work actually works 216 hours (9 x 24). The FLSA maximum for hours worked is 204. 29 C.F.R. 553.230. Under the FLSA, the City would owe an individual who does not miss a day of work in the 27-day pay cycle a total of 12 hours of overtime. The City pays

the 12 hours overtime but they also illegally dock the payment an amount of 12 hours times the regular rate of the individual, as if they were being paid base rate for the entire 12 hours, which they are not. *See*, Exhibit 1, Affidavit of Davis and Exhibit 2, Paystubbs of Davis, attached to Plaintiff's Response to Defendant's Motion for Summary Judgment and; Exhibits 1 and 2 attached to Defendant's Motion for Summary Judgment.

## II.

### CONTRACTUAL PROVISION CALLING FOR A 54 HOUR WORKWEEK IS ILLEGAL UNDER THE FLSA

7. It has long been held that where a collective bargaining agreement calls for benefits which are less generous than the FLSA, the provisions of the collective bargaining agreement which conflict with the FLSA are invalid, and the provisions of the FLSA will take precedence over the conflicting provisions in a collectively bargained compensation agreement. *Martino v. Michigan Window Cleaning Co.*, 327 U.S. 173, 177-178 (1946).

8. Article IV(A) of the 1997 Contract calls for a 54 hour work week (on an average). However, the FLSA maximum is 53 hours. 29 C.F.R. § 553.230. This cannot be changed by collective bargaining agreement. Therefore, since the "regular rate" of a firefighter cannot exceed 53 hours, compensation must be calculated on the basis of a 53 hour workweek, rather than the 54 established by contract, because " 'regular rate' . . . obviously mean(s) the hourly rate actually paid for the normal, non-overtime workweek." *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 65 S. Ct. 11 (1944). *See*, Exhibit 1, Affidavit of Davis and Exhibit 2, Paystubbs of Davis, attached to Plaintiff's Response to Defendant's Motion for Summary Judgment and; Exhibits 1 and 2 attached to Defendant's Motion for Summary Judgment.

## IV.

### CONCLUSION

9. Plaintiffs' respectfully request the Court grant their Motion for Summary Judgment, affirming that the City has failed to establish that it adopted the 207(k) exemption for law

enforcement personnel and firefighters, and is miscalculating Plaintiffs' regular rate of pay, failing to compensate them for each hour worked, and calculating Plaintiffs' pay based on a 54 hour workweek, in violation of state and federal law.

Respectfully submitted,

LAW OFFICE OF KATHLEEN L. DAY
P.O. Box 1517
Corpus Christi, Texas 78403
Telephone:  (361) 888-4342
Telecopier: (361) 883-3433

By: _____
Kathleen L. Day
State Bar No. 05610300

LAW OFFICE OF KIM COX
1014 Texas Avenue
Corpus Christi, Texas 78404
Telephone:  (361) 882-5404
Telecopier: (361) 855-8815

By: _____
Kim Cox
State Bar No. 04951500
Southern Dist. I.D. No. 346

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent via U.S. mail, certified, return receipt requested, on this 13th day of October, 2000 to all counsel of record.

_____
KATHLEEN L. DAY

200440/Collins, M/Motions/response to msj            4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARY COLLINS, ET AL. | § § § | |
| V. | § § | CIVIL ACTION NO. 00-066<br>JURY DEMAND |
| CITY OF CORPUS CHRISTI | § § | |

## ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

On _____, 2000, the court considered the Plaintiffs' Motion for Summary Judgment. After considering the Motion and the record, the court finds that the Motion is meritorious and should be granted.

Therefore, the court GRANTS Plaintiffs' Motion for Summary Judgment.

SIGNED and ENTERED _____, 2000.

_____
U.S. DISTRICT JUDGE