**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

United States District Court
Southern District of Texas
FILED

NOV 1 6 2000

MICHAEL N. MILBY, CLERK

| | | |
|---|---|---|
| **MARY COLLINS, THOMAS MURPHY,** | § | |
| **ROBERT POLANCO, MARK WAGNER,** | § | |
| **JOHN CAMPBELL AND WELDON** | § | |
| **WALKER** | § | |
| | § | **CIVIL ACTION NO. C-00-066** |
| **VS.** | § | |
| | § | |
| **CITY OF CORPUS CHRISTI** | § | |

**DEFENDANT'S MOTION TO STRIKE OR FOR LEAVE TO FILE**
**SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND**
**OBJECTIONS TO PLAINTIFFS' RESPONSE**

On September 15, 2000, Defendant filed its Motion for Summary Judgment in this cause.

On October 5, 2000, Plaintiffs filed their Response. Plaintiffs did not timely serve this Response

on Defendant. Defendant first learned that Plaintiff's Response had been filed on October 27, 2000,

when it received notice from the Court that the Response had been stricken. Plaintiffs refiled their

response on November 13, 2000. Because of Plaintiff's delay in initially serving and subsequently

refiling their Response, Defendant's reply to the issues raised therein has been unfairly and

unreasonably delayed. Consideration of Plaintiffs' Response at this late date will also delay the

Court's ruling on Defendant's Motion for Summary Judgment. Finally, many of the allegations

contained in Plaintiffs' Response are immaterial. For these reasons, Defendant moves to strike

Plaintiffs' Response to its Motion for Summary Judgment.

In the alternative, Defendant moves this Court to allow it to file a Supplemental Motion for

Summary Judgment, a copy of which is attached hereto as Exhibit "A", to address new and revised

allegations contained in Plaintiffs' Response. Defendant also requests that it be allowed to object

to Plaintiffs' Response.

H:\LEG-DIR\NOEMI\PETER\LIT\4455COLL\4455PM25.PLD

WHEREFORE, Defendant, City of Corpus Christi, requests that the Court enter an Order Striking Plaintiffs' Response to Summary Judgment or granting Defendant leave to file its Supplemental Motion for Summary Judgment and Objections to Plaintiffs' Response.

Respectfully submitted,

James R. Bray, Jr., City Attorney

By:

**Peter G. Merkl**, Assistant City Attorney
State Bar No. 13955300
Federal I.D. No. 13564
**Attorney in Charge for Defendant**
**City of Corpus Christi**
City of Corpus Christi
P.O. Box 9277
Corpus Christi, Texas 78469
(361) 880-3379
(361) 880-3239 Fax

2

## CERTIFICATE OF SERVICE

I do hereby certify that on this **16th** day of **November, 2000,** a true and correct copy of

Defendant's Motion to Strike or for Leave t-o File Supplemental Motion for Summary Judgment and

Objections to Plaintiffs' Response was served on the following:

**VIA CM/RRR Z 430 759 487:**

Kathleen L. Day
Attorney at Law
P. O. Box 1517
Corpus Christi, TX 78403-1517

**VIA CM/RRR Z 430 759 488:**

Mr. Kim Cox
Attorney at Law
1014 Texas Avenue
P. O. Box 331394
Corpus Christi, Texas 78463-1394

                                   **Peter G. Merkl**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MARY COLLINS, THOMAS MURPHY,** | § | |
| **ROBERT POLANCO, MARK WAGNER,** | § | |
| **JOHN CAMPBELL AND WELDON** | § | |
| **WALKER** | § | |
| | § | **CIVIL ACTION NO. C-00-066** |
| **VS.** | § | |
| | § | |
| **CITY OF CORPUS CHRISTI** | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO PLAINTIFFS' RESPONSE

This cause came on to be heard on the ____ day of _____, 2000, on Defendant's Motion to Strike or for Leave to File Supplemental Motion for Summary Judgment and Objections to Plaintiffs' Response, and as it appears that justice requires that such leave be given;

IT IS ORDERED that Defendant be granted leave to file its Supplemental Motion for Summary Judgment and Objections to Plaintiffs' Response.

SIGNED this ____ day of _____, 2000.

_____
UNITES STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MARY COLLINS, THOMAS MURPHY,** | § | |
| **ROBERT POLANCO, MARK WAGNER,** | § | |
| **JOHN CAMPBELL AND WELDON** | § | |
| **WALKER** | § | |
| | § | **CIVIL ACTION NO. C-00-066** |
| **VS.** | § | |
| | § | |
| **CITY OF CORPUS CHRISTI** | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE

This cause came on to be heard on the ____ day of _____, 2000, on Defendant's

Motion to Strike or for Leave to File Supplemental Motion for Summary Judgment and Objections

to Plaintiffs' Response, and as it appears that justice requires that Plaintiffs' Response be stricken;

IT IS ORDERED that Plaintiffs' Response to Defendant's Motion for Summary Judgment

is stricken from the record.

SIGNED this ____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE

5

A

CHIPDF – www.fwslw.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MARY COLLINS, THOMAS MURPHY,** | § | |
| **ROBERT POLANCO, MARK WAGNER,** | § | |
| **JOHN CAMPBELL AND WELDON** | § | |
| **WALKER** | § | |
| | § | **CIVIL ACTION NO. C-00-066** |
| **VS.** | § | |
| | § | |
| **CITY OF CORPUS CHRISTI** | § | |

## DEFENDANT CITY OF CORPUS CHRISTI'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO PLAINTIFFS' RESPONSE

Defendant City of Corpus Christi files this Supplemental Motion for Summary Judgment to object to Plaintiffs' Response and to address new and revised allegations contained in Plaintiffs' Response to Defendant's Motion for Summary Judgment. Specifically, Defendant shows the Court the following:

### I.

Plaintiff alleges that Defendant has not adopted the 207(k) exemption of the Fair Labor Standards Act. Article IX of both the August 1995 through July 1998 and the August 1998 through July 2000 Agreements between the City of Corpus Christi and the Corpus Christi Firefighters' Association provide for a 27 day work cycle. (Exhibit 1, p.8; Exhibit 2, p.3, attached to Defendant's Motion for Summary Judgment). In addition, the City follows this work cycle in practice. (Supplemental Exhibit "1"). Defendant has, therefore, established a 7(k) exemption. Adair v. City of Kirkland, 185 F.3d 1055, 1060-1061 (9th Cir.1999).

CVkPDF - www.fastio.com

## II.

With regard to Section II. and Section III, Defendant objects to and/or moves to strike Plaintiffs' assertion of the matters contained therein because their complaint does not give fair notice of these claims or the grounds upon which they rest. Such allegations are not supported by the pleadings. <u>Conley v. Gibson</u>, 355 US 41, 47-48, (1957). In addition, Defendant attempted to clarify Plaintiffs' pleadings through discovery requests which were served in August of this year. (Supplemental Exhibit "2"). To date, Plaintiffs have not responded to them, nor have they filed a Rule 26 disclosure. Finally, these allegations are not material to the contentions in Plaintiffs' complaint. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242 (1986). Without waiving, and subject to, the above objections, Defendant states that Plaintiffs have negotiated a monthly rate, not an hourly rate. (Exhibit 1, p.23; Exhibit 2, p.10). In addition, Plaintiffs are also mistaken in their assertion that a contractual provision calling for a 54 hour work week is illegal under the FLSA. <u>Aaron v. City of Wichita</u>, 54 F3d 652, 655 (10th Cir.1995, cert.denied 516 U.S.965). Defendant also objects to Exhibit 1 of Plaintiffs' Response to Defendant's Motion for Summary Judgment and the attachments thereto because they are irrelevant inasmuch as Mr. Davis is not a party to this suit.

WHEREFORE, Defendant, City of Corpus Christi, requests that the Court enter judgment that Plaintiffs take nothing, and that the Defendant recover costs from Plaintiffs. This Defendant prays for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**James R. Bray, Jr.**, City Attorney

By: _____

**PETER G. MERKL**
Assistant City Attorney
State Bar I.D. No.  13955300
Fed. I.D. No.  13564
**City of Corpus Christi**
P.O. Box 9277
Corpus Christi, Texas  78469-9277
(361) 880-3368
(361) 880-3239 FAX

## CERTIFICATE OF SERVICE

I do hereby certify that on this **16th** day of **November, 2000**, a true and correct copy of

Defendant City of Corpus Christi's Supplemental Motion for Summary Judgment and objection to

Plaintiffs' Response was served on the following:

**VIA CM/RRR Z 430 759 487:**

Kathleen L. Day
Attorney at Law
P. O. Box 1517
Corpus Christi, TX 78403-1517

**VIA CM/RRR Z 430 759 488:**

Mr. Kim Cox
Attorney at Law
1014 Texas Avenue
P. O. Box 331394
Corpus Christi, Texas 78463-1394

_____

**PETER G. MERKL**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| MARY COLLINS, THOMAS MURPHY, ROBERT POLANCO, MARK WAGNER, JOHN CAMPBELL AND WELDON WALKER<br><br>VS.<br><br>CITY OF CORPUS CHRISTI | § § § § § § § § | CIVIL ACTION NO. C-00-066 |

## FINAL SUMMARY JUDGMENT

On _____, 2000, the Court considered the Motion for Summary Judgment filed in this cause by Defendant, City of Corpus Christi. The Court, after examining the pleadings and the Summary Judgment Motion is of the opinion and finds that Defendant, City of Corpus Christi is entitled to summary judgment as follows:

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that Plaintiffs take nothing against Defendant, City of Corpus Christi and that Defendant recover all costs on its behalf expended of and from Plaintiffs, for which let execution issue.

**SIGNED** this _____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE

1

Click PDF – www.fastio.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARY COLLINS, THOMAS MURPHY, | § | |
| ROBERT POLANCO, MARK WAGNER, | § | |
| JOHN CAMPBELL AND WELDON | § | |
| WALKER | § | |
| | § | CIVIL ACTION NO. C-00-066 |
| VS. | § | |
| | § | |
| CITY OF CORPUS CHRISTI | § | |

## AFFIDAVIT OF CYNTHIA C. GARCIA

**STATE OF TEXAS**        §
**COUNTY OF NUECES**     §

BEFORE ME, the undersigned official, on this day appeared Cynthia C. Garcia, Director of Human Resources, City of Corpus Christi, who is personally known to me, and first being duly sworn according to law upon her oath deposed and said:

"I am over 18 years of age, and I reside at 441 Poenisch, Corpus Christi, Texas, 78412. I have never been convicted of a crime, and I am fully competent to make this affidavit. I have personal knowledge of the facts stated herein, and they are all true and correct.

The City of Corpus Christi follows a 27 day work cycle as provided by the Agreement between the City of Corpus Christi and the Corpus Christi Firefighters' Association and has done so since at least 1988 when I became the Director of Human Resources."

_____
**CYNTHIA C. GARCIA**

SUBSCRIBED AND SWORN TO BEFORE ME, the said CYNTHIA C. GARCIA, on this the 10th day of November, 2000, to certify which witness my hand and seal of office.



NOEMI MARIE PEREZ
MY COMMISSION EXPIRES
June 26, 2002

_____
**NOTARY PUBLIC**

4455PM18.AFF

2

CVisPDF – www.fastio.com



City of
Corpus
Christi

August 25, 2000

**VIA CM/RRR Z 430 759 426:**

Kathleen L. Day
Attorney at Law
P. O. Box 1517
Corpus Christi, TX 78403-1517

      **Re:**    **Civil Action No. C-00-066; Mary Collins, et al. vs. The City of Corpus Christi**

Dear Ms. Day:

      In reference to the above matter, enclosed please find the following:

•     **Defendant's First Set of Interrogatories and Requests for Production to Plaintiffs**

      Thank you for your consideration.

                  Sincerely,

                  Peter G. Merkl
                  Assistant City Attorney

PGM/nmp

Enclosures

cc:    **VIA CM/RRR Z 430 759 427:**
      Mr. Kim Cox
      Attorney at Law
      1014 Texas Avenue
      P. O. Box 331394
      Corpus Christi, Texas 78463-1394

Z 430 759 427

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

| | |
|---|---|
| Sent to *Kim Cox* | |
| Street & Number | |
| Post Office, State, & ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| **TOTAL** Postage & Fees | $ |
| Postmark or Date | |

PS Form **3800**, April 1995

8-25-00

---

**SENDER:**   *Collins-D*
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *"Return Receipt Requested"* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Mr. Kim Cox
Attorney at Law
1014 Texas Avenue
P. O. Box 331394
Corpus Christi, Texas 78463-1394

4a. Article Number
Z 430 759 427

4b. Service Type
☐ Registered        ☑ Certified
☐ Express Mail      ☐ Insured
☑ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery
8-31-00

5. Received By: *(Print Name)*
Kim Cox

6. Signature: *(Addressee or Agent)*
X *Kem Cox*

8. Addressee's Address *(Only if requested and fee is paid)*

PS Form **3811,** December 1994          Domestic Return Receipt

*Is your RETURN ADDRESS completed on the reverse side?*

---

Z 430 759 426

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

| | |
|---|---|
| Sent to *Kathleen Day* | |
| Street & Number | |
| Post Office, State, & ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| **TOTAL** Postage & Fees | $ |
| Postmark or Date | |

PS Form **3800**, April 1995

8-25-00

---

**SENDER:**   *Collins-D*
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *"Return Receipt Requested"* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Ms. Kathleen L. Day
Attorney at Law
P. O. Box 1517
Corpus Christi, TX 78403-1517

4a. Article Number
Z 430 759 426

4b. Service Type
☐ Registered        ☑ Certified
☐ Express Mail      ☐ Insured
☑ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery
AUG 2 8 2000

5. Received By: *(Print Name)*

6. Signature: *(Addressee or Agent)*
X

8. Addressee's Address *(Only if requested and fee is paid)*

PS Form **3811,** December 1994          Domestic Return Receipt

*Is your RETURN ADDRESS completed on the reverse side?*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MARY COLLINS, THOMAS MURPHY,** | § | |
| **ROBERT POLANCO, MARK WAGNER,** | § | |
| **JOHN CAMPBELL AND WELDON** | § | |
| **WALKER** | § | |
| | § | **CIVIL ACTION NO. C-00-066** |
| **V.S..** | § | |
| | § | |
| **CITY OF CORPUS CHRISTI** | § | |

## DEFENDANT CITY OF CORPUS CHRISTI'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFFS

TO:   Plaintiffs, Mary Collins, Thomas Murphy, Robert Polanco, Mark Wagner, John Campbell and Weldon Walker, by and through their attorneys of record, Ms.Kathleen L. Day, P. O. Box 1517, Corpus Christi, Texas 78403-1517 and Kim Cox, 1014 Texas Avenue, P. O. Box 331394, Corpus Christi, Texas 78463-1394.

Pursuant to Rule 33 and Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs are hereby requested to answer, under oath, these interrogatories and requests for production, within thirty (30) days from the date of service. These interrogatories and requests for production shall be deemed continuing so as to require supplemental answers if you obtain further information between the time your answer is served and the time of trial.

**SCOPE:**     It is intended by these discovery requests to elicit information not merely within your own personal knowledge, but obtainable by you, including information in possession of anyone acting on your behalf, such as your attorney, investigators, insurance carriers and their representatives. Whenever the term "incident" is used, it refers to the incident referred to in your lawsuit, unless the sense appears to be the contrary.

If you cannot answer these discovery requests in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to

answer the remainder, and state whatever information or knowledge you have concerning the unanswered portions.

**Definitions**

As used herein, the following terms shall be defined as follows:

A.  The term "this lawsuit" means the above-captioned cause, including any and all claims or causes of action presently filed therein or anticipated to be filed therein.

B.  The term "person" means natural persons, corporations, partnerships, sole proprietorships, associations or any other kind of type of entity or its agents, servants and employees.

C.  The term "identify" or "state the identity of" when referring:

(1)  to a person, means to state his or her full name and present or last known telephone number, business and residential address, and his or her relationship, if any, to you:

(2)  to any tangible thing, means to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; and to identify who has present or last known possession, custody, or control thereof.

D.  The terms "describe," "explain," and "state," when used herein, mean to detail fully and completely all the discoverable information pertaining to this cause which concerns or is relevant to the inquiry being made, including the full name, address, and telephone number of persons involved, if appropriate, along with dates, times, places, amounts, and other particulars which make the answer to the inquiry fair and meaningful.

E.  The term "communication" shall mean any transmission, conveyance, or exchange of information whether by written, oral, or other means.

F.  The term "documents" includes, but is not limited to, the following: books; records; reports; memoranda; papers; communications; charts; letters; correspondence; notes; work papers; bills; invoices; receipts; minutes of meetings; tables; graphs; diagrams; drawings; sketches; photographs; videotapes; audio tapes; x-rays; diaries; transcripts; tape, disc, card, wire, or other electronic or mechanical recordings; and any other instrument or device from which information can be perceived.

G.  A document or thing is in your possession, custody, or control if it is in your actual possession or custody, or if its in the possession or custody of any other person under circumstances where you may compel such other person to transfer the document or thing to you.

H.  "Health care provider" includes, but is not limited to the following: physicians,

psychologists, psychiatrists, osteopaths, chiropractors, podiatrists, dentists, pharmacists, hospital clinics, counselors, and therapists.

I.      "The incident in question" means the alleged incidents in your complaint.


                              Respectfully submitted,

                              James R. Bray, Jr.
                              City Attorney


By:      _____

          PETER G. MERKL
          Assistant City Attorney
          State Bar No. 13955300

          **ATTORNEY FOR DEFENDANT**
          **CITY OF CORPUS CHRISTI**

          City of Corpus Christi
          PO Box 9277
          Corpus Christi, TX 78469-9277
          (361) 880-3368
          (361) 880-3239 FAX

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing legal document was mailed this the 25ᵗʰ day of **August, 2000**, via certified mail, return receipt requested to the following named individuals, to wit:

**VIA CM/RRR Z 430 759 426:**

Kathleen L. Day
Attorney at Law
P. O. Box 1517
Corpus Christi, TX 78403-1517

**VIA CM/RRR Z 430 759 427:**

Mr. Kim Cox
Attorney at Law
1014 Texas Avenue
P. O. Box 331394
Corpus Christi, Texas 78463-1394

**PETER G. MERKL**

## INTERROGATORIES

## INTERROGATORY NO. 1

Please state the name, address, and telephone number of each person known or believed by you to have knowledge of facts relevant to this lawsuit, and state the facts which you believe are known by the person.

**ANSWER:**

## INTERROGATORY NO. 2

List all statements which have been obtained by you or on your behalf from any person identified in response to the foregoing interrogatory. For each such statement, state the date it was obtained and identify the person who took the statement.

**ANSWER:**

## INTERROGATORY NO. 3

Please identify each person whom you expect to call as an expert witness at trial, and with respect to each such person, please give the following information: (a) the facts concerning the person's background which qualify him as an expert on subjects relevant to this lawsuit; (b) the date you or anyone on your behalf first contacted such person concerning this lawsuit; (c) the subject matter upon which the person is expected to testify; (d) the substance of the facts and opinions to which the person is expected to testify; (e) and a summary of the grounds for each opinion to which the person is expected to testify.

**ANSWER:**

## INTERROGATORY NO. 4

With respect to each statement or admission, whether oral or written, which you allege was made by an employee, officer, or other representative of the City and which you may attempt to make known to the judge or jury at the trial of this cause, please state the following: (a) the identity of each person who heard or received the statement; (b) the identity of the alleged City representative who made the statement; (c) the date of the alleged statement; (d) the substance of the alleged statement; (e) and if the statement was in writing, the identity of the writing.

**ANSWER:**

## INTERROGATORY NO. 5

Please state the name, address and profession or occupation of each expert you or your attorney has consulted but whom you do not expect to call to testify at trial. This interrogatory includes such experts you may not call to testify but whose data or opinions have been reviewed by testifying experts.

**ANSWER:**

## INTERROGATORY NO. 6

Please list each and every element of damages for which you are suing this Defendant by reason of the occurrence or occurrences alleged in this lawsuit. Please state the amount of money you are claiming for each element of damages, including how you calculated those damages.

**ANSWER:**

## INTERROGATORY NO. 7

In your petition you contend that, "Defendant has repeatedly and willfully violated, and continues to willfully violate §7 of the FLSA by failing to pay Plaintiffs and other similarly situated employees, or former employees, for the hours worked by such employees in excess of forty (40) hours per week at a rate not less than one and one-half times the regular hourly rate at which such employees are compensated. 29 U.S.C. §207." Please provide any legal authority upon which you base this contention.

**ANSWER:**

## INTERROGATORY NO. 8

In your petition you contend that, "Defendant has repeatedly and willfully violated, and continues to willfully violate §142 of the Texas Local Government Code by requiring Plaintiffs and other similarly situated employees, or former employees, to work more hours during a calendar week than the number of hours in the normal work week of the majority of the employees of the municipality other than fire fighters and police officers.V.T.C.A. Local Government Code §

142.0015(f). Moreover, Defendant has repeatedly and willfully violated, and continues to willfully violate §142 of the Texas Local Government Code by failing to compensate Plaintiffs, and other similarly situated persons, for the hours worked by such employees in excess of forty (40) hours per week at a rate not less than one and one-half times their regular hourly rate. V.T.C.A. Local Government Code §142.0015(h)." Please provide any legal authority upon which you base this contention.

**ANSWER:**

# ITEMS TO BE PRODUCED

1.   All documents reflecting or describing underpayments of wages to you.

2.   All documents containing or reflecting statements made by the City, its officers, employees, agents, or representatives relating in any way to this lawsuit.  This request specifically includes, but is not limited to: written statements signed or adopted by the persons making them; recordings of such statements; and any other documents reflecting or paraphrasing all or part or such statements.

3.   All documents to which you refer in your answers to any interrogatories propounded to you in this answer.

4.   All documents pertaining to this lawsuit which were created by, referred to, reviewed, relied upon, or reflect the statements of any person whom you intend to call as an expert witness at trial, or any consulting expert whose opinions have been reviewed by a testifying expert. This request specifically includes, but is not limited to, correspondence, reports, notes, photographs, and any document describing or reflecting any oral statement of such witness. This is also to be considered a formal request for the creation of such expert witness reports.

5.   All documents describing or reflecting expenses, costs, or damages that you are claiming in any capacity in this lawsuit.