United States District Court
Southern District of Texas
FILED

NOV 17 2000

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARY COLLINS, ET AL. | § | |
| | § | |
| | § | CIVIL ACTION NO. 00-066 |
| V. | § | |
| | § | |
| CITY OF CORPUS CHRISTI | § | |

### PLAINTIFFS' FIRST AMENDED COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

Now come Plaintiffs, complaining of the City of Corpus Christi, Texas, Defendant, and for a cause of action would respectfully show the Court as follows:

**I.**

Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and 29 U.S.C. §216(b). This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et. seq. ("FLSA") and under §142.001, et. seq. of the Texas Local Government Code, VTCA (1998 Supp.).

**II.**

Plaintiffs are, or were firefighters presently, or formerly, employed by Defendant, the City of Corpus Christi, Texas ("the City) and are employees as defined in §3(2)(c) of the FLSA. 29 U.S.C. §203(2)(C). Defendant is a duly constituted and authorized municipality in the State of Texas, and is subject to the jurisdiction of this Court as an employer of the Plaintiff's pursuant to §3(d) of the FLSA. 29 U.S.C. §203(d).

**III.**

In addition to the Plaintiffs named above, all other similarly situated persons, that is, all persons presently or formerly employed by Defendant City of Corpus Christi Firefighters Department

1

24.

(CCFF), are members of the Plaintiff class. This claim is maintained as a class action under and pursuant to the statutory requirements of the FLSA, 29 U.S.C.§216(b).

IV.

All the Plaintiffs named above, and similarly situated persons as defined above, bring this action to recover unpaid compensation due them under §7 of the FLSA, and an additional equal amount as liquidated damages. Plaintiffs also seek attorney's fees and costs as authorized by §16(b) of the FLSA.

V.

At all times hereinafter mentioned, the Defendant has employed and continues to employ a substantial number of employees of the Corpus Christi Firefighters Department in Corpus Christi, Texas. At all times relevant to this lawsuit, the Defendant and its said employees, including the Plaintiffs, have been and remain engaged in commerce with the meaning of §3(b) of the FLSA. 29 U.S.C. § 203(b).

VI.

Defendant is at present, and was at all times hereinafter mentioned, engaged in the performance of related activities through unified operation or common control for a common business purpose and is an enterprise within the meaning of §3(r) of the FLSA. 29 U.S.C. §203(r). At all times relevant to this lawsuit, Defendant has had many employees engaged in commerce and has been and remains an establishment of an enterprise engaged in commerce within the meaning of §3(s)(6) of the FLSA. 29 U.S.C. §203(s).

VII.

Defendant is, and at all times material hereto was, a public agency within the meaning of §3(x) of the FLSA. 29 U.S.C. §203(x).

2

## VIII.

Cause of Action No. 1.: Defendant has repeatedly and willfully violated, and continues to willfully violate §7 of the FLSA and § 142.0015(b), Texas Local Government Code, by failing to pay Plaintiffs and other similarly situated employees, or former employees, for the hours worked by such employees in excess of fifty-three (53) hours per week at a rate not less than one and one-half times the regular hourly rate at which such employees are compensated. 29 U.S.C. §207. Defendant does not properly compute the regular hourly rate in that it does not include in the calculations of regular hourly rate all of the add-ins to Plaintiffs' salaries.

Cause of Action No. 2. In its Agreement with the Corpus Christi Firefighters Department, the City also contracted for a fifty-four (54) hour work week, in violation of 29 CFR § 553.230 and § 142.0015(b), Texas Local Government Code.

Cause of Action No. 3. The City has contracted to pay Firefighters for 2808 hours in a 364 day year. Firefighters actually work, on average, 2816 hours in a 364 day year; they work eight (8) hours for which they are not compensated. The FLSA maximum number of hours worked for firefighters for a 364 day year is 2756. This means that the City owes each Firefighter compensation for 60 hours per year.

## X.

Plaintiffs have suffered and continue to suffer damages as a result of the Defendants' failure and refusal to pay proper compensation, as shown above, in an amount which is uncertain and presently increasing because of the Defendants' continued violations of the FLSA and §142 of the Texas Local Government Code. Plaintiffs are entitled to a judgment granting them damages in the amount of the difference between the partial wages actually received by the Plaintiffs and the full wages they are entitled to recover under law, including all uncompensated straight time and overtime wages for hours worked in regular duties as required by the FLSA and §142, together with an additional equal amount as liquidated damages as specifically authorized by §16(b) of the FLSA. 29 U.S.C. §216(b). Plaintiffs also request declaratory relief that the current contract does not preempt

Section 142 of the Tex. Loc. Gov. Code, and that the City has not properly credited the sick leave and personal leave accounts of the Plaintiffs.

## XI.

Plaintiffs are also entitled to a recovery of reasonable attorney's fees and costs as specifically authorized by §16(b) of the FLSA and the Texas Declaratory Judgments Act, as well as pre and post-judgment interest herein.

WHEREFORE, cause having been shown, Plaintiffs pray judgment be granted:

(1) Ordering the Defendant to pay the Plaintiffs and all other similarly situated employees unpaid compensation found due by the Court as a result to Defendant's violations of 29 U.S.C. §207, and §142 of the Texas Government Code and contracts between the City of Corpus Christi and the Corpus Corpus Christi Firefighters Association together with pre-and post-judgment interest thereon and an additional equal amount as liquidated damages;

(2) Ordering the Defendant to pay Plaintiffs' reasonable costs in this action;

(3) Ordering the Defendant to pay reasonable attorney's fees; and,

(4) Providing such further relief as is just and necessary.

Respectfully submitted,

LAW OFFICE OF KATHLEEN L. DAY
P.O. BOX 1517
Corpus Christi, Texas 78403-1517
Telephone:  (361)888-4342
Telecopier: (361)883-3433

By: _____
Kathleen L. Day
State Bar No. 05610300
Fed. I. D. No. 13976

4

LAW OFFICE OF KIM COX
1014 Texas Ave.
Corpus Christi, Texas 78404
Telephone: (361)882-5404
Telecopier: (361)855-8815

By: _____
Kim Cox
State Bar No. 04951500

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been sent via U.S. mail, certified, return receipt requested, on this 17TH day of November, 2000 to all counsel of record.

_____
KATHLEEN L. DAY

5