```
                                              United States District Court
                                              Southern District of Texas
                                                       FILED
          UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF TEXAS               NOV 2 1 2000
             CORPUS CHRISTI DIVISION
                                               MICHAEL N. MILBY, CLERK
```

MARY COLLINS, THOMAS MURPHY §
ROBERT POLANCO, MARK WAGNER §
JOHN CAMPBELL and WELDON §
WALKER §
§
VS. § CIVIL ACTION NO. C-00-066
§
CITY OF CORPUS CHRISTI §

**PLAINTIFFS' PRETRIAL ORDER**

**1. APPEARANCE OF COUNSEL**

Kim Cox
Attorney at Law
1014 Texas Ave.
Corpus Christi, Texas 78404
Telephone: (361) 882-5404
Facsimile: (361) 855-8815
State Bar No. 04951500

Kathleen A. Day
Attorney for Plaintiffs
711 N. Carancahua, Ste. 1730
P.O. Box 1517
Corpus Christi, Texas 78403
Telephone: (361) 888-4342
Facsimile: (361) 883-3433

Peter Merkl
Attorney for Defendant, City of Corpus Christi
City Attorney's Office
City of Corpus Christi
P.O. Box 9277
Corpus Christi, Texas 78469-9277
Telephone: (361) 880-3379
Facsimile: (361) 880-3239

**2. STATEMENT OF THE CASE**

**Plaintiff's Statement of the Causes**: This is a cause of

action arising under the collective bargaining agreements between the parties, §§ 142 and 174 of the Texas Local Government Code and the Fair Labor Standards Act for nonpayment for hours worked, and for wrongful calculation of overtime rate.

**Defendant's Statement of the Case**:

3.  **JURISDICTION**

Jurisdiction of the Court is invoked under 28 U.S.C. §1331 and §1343(a)(3).

4.  **MOTIONS**

    1. Defendant's Motion for Summary Judgment.

    2. Plaintiffs' Response to Defendant's Motion for Summary Judgment.

    3. Defendant's Motion to Strike or for Leave to File Supplemental Motion for Summary Judgment and Objections to Plaintiff's Response.

    4. Defendant City of Corpus Christi's Supplemental Motion for Summary Judgment and Objection to Plaintiff's Response.

    5. Joint Motion to Remove from the Jury Docket and to Bifurcate Trial.

    6. Plaintiff's Motion to Enlarge Time to Amend Pleadings.

    7. Plaintiffs' First Amended Complaint and Request for Declatory Judgment.

5.  **CONTENTIONS OF THE PARTIES**

    **Plaintiff's Contentions**:

2

**Cause of Action No. 1**. Defendant has repeatedly and willfully violated, and continues to willfully violate the collective bargaining agreements, §7 of the FLSA and § 142.0015, Texas Local Government Code, by failing to pay Plaintiffs and other similarly situated employees, or former employees, for the hours worked by such employees in excess of fifty-three (53) hours per week at a rate not less than one and one-half times the regular hourly rate at which such employees are compensated. 29 U.S.C. §207. Defendant does not properly compute the regular hourly rate in that it does not include in the calculations of regular hourly rate all of the add-ins to Plaintiffs' salaries.

**Cause of Action No. 2.**: In its Agreement with the Corpus Christi Firefighters Department, the City contracted for fifty-four (54) hour work week, in violation of 29 CFR §553.230 and § 142.0015(b), Texas Local Government Code.

**Cause of Action No. 3.**: The City has contracted to pay Firefighters for 2808 hours in a 364 day year. Firefighters actually work, on average, 2816 hours in a 364 day year; they work eight (8) hours for which they are not compensated. The FLSA maximum number of hours worked for firefighters for a 364 day year is 2756. This means that the City owes each Firefighter compensation for 60 hours per year.

**Defendant's Contentions**:

6. ADMISSIONS OF FACT

3

1. All Plaintiffs are or were firefighters employed by the City of Corpus Christi.

2. For all relevant time periods, the Plaintiffs and the City were subject to the two collective bargaining agreements entitled Agreement Between the City of Corpus Christi and the Corpus Christi Firefighters' Association.

3. All payroll records are true and accurate.

4. Firefighters who work 24 hours on, with a 48 hour break, work every third day throughout the year, with the exception that they are given one day off every quarter ("Kelley day"), resulting in an average of 2816 hours worked during the course of a 364 day year.

5. The City of Corpus Christi follows a 29 day work cycle in regard to firefighters.

6. In the calculation of overtime, education pay is not included in the regular rate of pay.

7. **CONTESTED ISSUES OF FACT**

   None.

   **Defendant's Contested Issues of Fact**

8. **AGREED PROPOSITIONS OF LAW**

   1. The Fair Labor Standards Act (FLSA) 29 U.S.C. §201, et seq., § 142.0015 Texas Local Government Code, and 29 C.F.R.§ 553.230 apply to this cause of action.

4

9. **CONTESTED PROPOSITIONS OF LAW**

**Plaintiff's Contested Propositions of Law:**

1. Defendant has violated §7 of the FLSA and § 142.0015(b), Texas Local Government Code, by failing to pay Plaintiffs and other similarly situated employees, or former employees, for the hours worked by such employees in excess of fifty-three (53) hours per week at a rate not less than one and one-half times the regular hourly rate at which such employees are compensated. 29 U.S.C. §207.

2. Defendant does not properly compute the regular hourly rate in that it does not include in the calculations of regular hourly rate all of the add-ins to Plaintiffs' salaries.

3. The City's contract with the Union for a fifty-four (54) hour work week is in violation of 29 CFR § 553.230 and § 142.0015(b), Texas Local Government Code.

4. The City owes each Firefighter working a one day on and two day off schedule compensation for 60 hours per year at base rate.

**Defendant's Contested Propositions of Law:**

10. **EXHIBITS**

Plaintiff's exhibit list is attached as Exhibit A.

5

Defendant's exhibit list is attached as Exhibit B. All exhibits will be made available for examination by opposing counsel.

**11. WITNESSES**

Plaintiff's witness list is attached hereto as Exhibit C. Defendant's witness list is attached as Exhibit D.

If other witnesses to be called as trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

**12. SETTLEMENT**

All settlement efforts have been exhausted; the case cannot be settled, and it will have to be tried.

**13. TRIAL**

Both parties propose that the legal issues in this case be submitted in writing for a ruling from the Court. Both parties propose to work together to resolve issues involving damages and do not anticipate that there will be any ultimate controversy in that regard. If oral arguments on the legal issues are presented to the Court, they should not require more than one (1) day.

Date: _____  _____
                                                         UNITED STATES DISTRICT JUDGE

Approved:

Date: __11/21/00__   *Kathleen L. Day*
Kathleen L. Day
Attorney for Plaintiff
P.O. Box 1517
Corpus Christi, TX 78403
Telephone:   (361) 888-4342
Facsimile    (361) 883-3433

Date: __11/21/00__   *Kim Cox*
Kim Cox
Attorney for Plaintiff
1014 Texas Ave.
Corpus Christi, TX 78404
Telephone: (361) 882-5404
Facsimile: (361) 855-8815

7

# EXHIBIT A

## I. Payroll Records

- Mary Collins
- Thomas Murphy
- Robert Polanco
- Mark Wagner
- John Campbell
- Weldon Walker

## II. Last Two Collective Bargaining Agreements

Agreement Between the City of Corpus Christi and the Corpus Christi Firefighters' Association.

8

## EXHIBIT C

Witnesses:

Mary Collins
Thomas Murphy
Robert Polanco
Mark Wagner
John Campbell
Weldon Walker

All are employees of the City of Corpus Christi.

Kim Cox
1014 Texas
Corpus Christi, TX 78404

Kathleen Day
711 North Carancahua
American Bank Plaza, Suite 1517
Corpus Christi, TX 78475

9