United States District Court
Southern District of Texas
FILED

NOV 2 1 2000

Michael N. Milby, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARY COLLINS, THOMAS MURPHY, | § | |
| ROBERT POLANCO, MARK WAGNER, | § | |
| JOHN CAMPBELL AND WELDON | § | |
| WALKER | § | |
| | § | CIVIL ACTION NO. C-00-066 |
| VS. | § | |
| | § | |
| CITY OF CORPUS CHRISTI | § | |

## DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR LEAVE TO FILE A PRETRIAL ORDER WITHOUT THE SIGNATURE OF ALL COUNSEL

Defendant moves this Court to Dismiss Plaintiffs' suit or, in the alternative, moves for Leave to file a pretrial order without the signature of all counsel (Attached hereto as Exhibit "1") and in support shows this Court the following:

On Tuesday, November 14, 2000, Peter Merkl and Carol Bray requested during a meeting with Plaintiffs' counsel that he provide a proposed Joint Pretrial Order. During separate telephone conversations with Kim Cox and Kathleen Day on Friday November 17, 2000, Peter Merkl again requested that he be provided a proposed pretrial order. Despite these requests, Plaintiffs first submitted a draft of a pretrial order to Defendant on November 20, 2000, at 3:00 p.m. This left Defendant with insufficient time to meaningfully respond to Plaintiffs' draft order.

WHEREFORE, premises considered, Defendant moves this Court to enter an Order Dismissing this suit with prejudice or in the alternative granting Defendant leave to file a pretrial order without the signature of all counsel.

Respectfully submitted,

James R. Bray, Jr., City Attorney

By: _____

**Peter G. Merkl**, Assistant City Attorney
State Bar No. 13955300
Federal I.D. No. 13564
**Attorney in Charge for Defendant**
**City of Corpus Christi**
City of Corpus Christi
P.O. Box 9277
Corpus Christi, Texas 78469
(361) 880-3379
(361) 880-3239 Fax

## CERTIFICATE OF SERVICE

I do hereby certify that on this **21st** day of **November, 2000**, a true and correct copy of

Defendant's Motion to Dismiss or in the Alternative for Leave to File a Pretrial Order Without the

Signature of all Counsel was served on the following:

**VIA CM/RRR Z 430 759 493:**

Kathleen L. Day
Attorney at Law
P. O. Box 1517
Corpus Christi, TX 78403-1517

**VIA CM/RRR Z 430 759 494:**

Mr. Kim Cox
Attorney at Law
1014 Texas Avenue
P. O. Box 331394
Corpus Christi, Texas 78463-1394

_____
**Peter G. Merkl**

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARY COLLINS, THOMAS MURPHY, | § | |
| ROBERT POLANCO, MARK WAGNER, | § | |
| JOHN CAMPBELL AND WELDON | § | |
| WALKER | § | |
| | § | **CIVIL ACTION NO. C-00-066** |
| VS. | § | |
| | § | |
| CITY OF CORPUS CHRISTI | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This cause came on to be heard on the _____ day of _____, 2000, on Defendant's

Motion to Dismiss or for Leave to File a Pretrial Order Without the Signature of all Counsel, and

as it appears that justice requires that Plaintiffs' lawsuit be dismissed;

IT IS ORDERED that this cause is dismissed with prejudice.

SIGNED this _____ day of _____, 2000.

.

_____
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MARY COLLINS, THOMAS MURPHY,** | § | |
| **ROBERT POLANCO, MARK WAGNER,** | § | |
| **JOHN CAMPBELL AND WELDON** | § | |
| **WALKER** | § | |
| | § | **CIVIL ACTION NO. C-00-066** |
| **VS.** | § | |
| | § | |
| **CITY OF CORPUS CHRISTI** | § | |

### ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE
### TO FILE A PRETRIAL ORDER WITHOUT
### THE SIGNATURE OF ALL COUNSEL

This cause came on to be heard on the ____ day of _____, 2000, on Defendant's Motion for Leave to File a Pretrial Order Without the Signature of all Counsel, and as it appears that justice requires that such leave be given;

IT IS ORDERED that Defendant be granted leave to file its Pretrial Order Without the Signature of all Counsel.

SIGNED this ____ day of _____, 2000.

_____
UNITES STATES DISTRICT JUDGE

1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARY COLLINS, THOMAS MURPHY, | § | |
| ROBERT POLANCO, MARK WAGNER, | § | |
| JOHN CAMPBELL AND WELDON | § | |
| WALKER | § | |
| | § | **CIVIL ACTION NO. C-00-066** |
| VS. | § | |
| | § | |
| CITY OF CORPUS CHRISTI | § | |

## CITY OF CORPUS CHRISTI'S PROPOSED PRETRIAL ORDER

### TO THE HONORABLE JUDGE OF SAID COURT:

### I.  APPEARANCE OF COUNSEL

A.      <u>Plaintiffs</u>: Plaintiffs are Mary Collins, Thomas Murphy, Robert Polanco, Mark

Wagner, John Campbell, and Weldon Walker.  Said Plaintiffs are represented by:

>       Kathleen L. Day
>       P. O. Box 1517
>       Corpus Christi, Texas 78403-1517
>       (361) 888-4342 Telephone
>       (361) 883-3433 Telecopier
>
>       Kim Cox
>       1014 Texas Avenue
>       P. O. Box 331394
>       Corpus Christi, Texas 78463-1394
>       (361) 882-5404 Telephone
>       (361) 855-8815 Telecopier

B.      <u>Defendant</u>: CITY OF CORPUS CHRISTI is represented by:
>       Peter Merkl
>       City of Corpus Christi
>       Legal Department
>       P. O. Box 9277
>       Corpus Christi, Texas 78469-9277
>       (361) 880-3360 Telephone
>       (361) 880-3239 Telecopier

## II.  STATEMENT OF THE CASE

Various firefighters, employees of the City of Corpus Christi, have sued the City.  The firefighters allege that certain hours that they worked should have been paid as overtime.  The City states that they were correctly paid.

The parties have agreed to submit the issue of liability to the Court, and bifurcate the issue of damages.  See Joint Motion to Remove From the Jury Docket and to Bifurcate Trial.

### III.  JURISDICTION

Defendant agrees this Court has jurisdiction of the causes of action alleged in Plaintiffs' Original Petition.

### IV.  MOTIONS PENDING

1.      Defendant City of Corpus Christi's Motion for Summary Judgment;

2.      Defendant's Motion to Strike or For Leave to File Supplemental Motion for Summary Judgment and Objections to Plaintiffs' Response;

3.      Defendant's Supplemental Motion for Summary Judgment and Objections to Plaintiffs' Response;

4.      Plaintiff's Motion to Enlarge Time to Amend Pleadings; and

5.      Joint Motion to Remove From the Jury Docket and to Bifurcate Trial.

### V.  CONTENTIONS OF THE PARTIES

#### A.      CONTENTIONS OF PLAINTIFF*

1.      Plaintiffs allege Defendant is violating the Fair Labor Standards Act (FLSA) by not paying overtime wages for hours worked in excess of forty (40) per week.

2.      In their Petition, Plaintiffs claim that Defendant has agreed to pay overtime for hours worked in excess of forty (40) per week in collective bargaining agreements.

3.     Plaintiffs claim that Defendant is violating Chapter 142 of the Texas Local Government Code by requiring that Plaintiffs work more hours during a calendar week than the number of hours in the normal work week of the majority of employees of the municipality other than firefighters and police officers and by not paying overtime for hours worked over 40.

*The Defendant states that these contentions are the only matters pled and before the Court in this suit.

### B.     DEFENDANT'S CONTENTIONS

1.     Plaintiff alleges Defendant is violating the Fair Labor Standards Act (FLSA) by not paying overtime wages for hours worked in excess of forty (40) per week. Defendant denies that it is violating the FLSA. Defendant asserts that it qualifies for and has adopted a 29 USC 207(k) exemption because the relevant collective bargaining agreements provide for a twenty-seven (27) day work cycle and because the city follows this cycle in practice. Adair v. City of Kirkland, 185 F.3d 1055, 1060-1061 (9th Cir.1999).

2.     In their complaint, Plaintiffs claim that Defendant has agreed to pay overtime for hours worked in excess of forty (40) per week in collective bargaining agreements. Defendant denies that the collective bargaining agreements contain such a provision.

3.     Plaintiffs claim that Defendant is violating Chapter 142 of the Texas Local Government Code by requiring that Plaintiffs work more hours during a calendar week than the number of hours in the normal work week of the majority of employees of the municipality other than firefighters or police officers and by not paying overtime for hours worked over 40. Defendant denies that the provisions of 142.0015(f) and 142.0015(h) apply to firefighters. Defendant also contends that under the provisions of Sections 174.006 and 174.022 of the Texas Local Government Code, the terms of the relevant collective bargaining agreements prevail over the provisions of

Chapter 142. The relevant collective bargaining agreements state: "The regular work shift for fire fighting personnel assigned to fire suppression or emergency medical services duties shall be based upon a schedule of 24 hours on and 48 hours off for a yearly average of 54 hours per week. For purposes of overtime calculations under the Fair Labor Standards Act, the City shall utilize a 27-day work cycle ..." Defendant also contends that Plaintiffs' agreement to work a 27 day work cycle, 54 hour average week in the relevant collective bargaining agreements is a waiver of the provisions of Local Government Code Chapter 142.0015 providing for a 40 hour work week, if any, and that Plaintiffs' waiver of those provisions estops them from seeking any overtime remedy under Chapter 142. Kierstead v. City of San Antonio, 643 S.W.2d 118 (Tex.1982).

4.      The statute of limitations and/or laches preclude recovery for Plaintiffs.

5.      Defendant denies that all Plaintiffs are similarly situated.

6.      Defendant is entitled to governmental immunity, or, in the alternative, the exceptions, exclusions, and limitations of liability contained in the Texas Civil Practice and Remedies Code 101.001 et.seq.

7.      Defendant asserts it acted in good faith and had reasonable grounds for believing that its acts were not violative of the FLSA or Chapter 142.

8.      Defendant asserts that Plaintiffs are exempt or partially exempt under applicable law.

9.      Defendant asserts it is immune from this suit under principles of sovereign/constitutional/governmental immunity.

10.     Defendant is immune from punitive damages.

11.     Defendant asserts, in the alternative, that it is entitled to a credit or offset for all extra or premium compensation paid to Plaintiffs in addition to what is required.

12.     Defendant claims it has in good faith relied on Department of Labor opinion letters and other Department of Labor documents and has acted in conformity therewith in its compensation practices.

13.     Defendant states that Plaintiffs are estopped from asserting their claims in this case.

14.     In the alternative, Defendant states Plaintiffs have failed to exhaust their administrative remedies.

15.     In the alternative, Defendant asserts that it and its employees are entitled to qualified and official immunity.

16.     The only matters pled by plaintiffs are those matters listed above as Plaintiffs' Contentions. The City is not prepared to go to trial on any other matters, specifically those other matters contained in Plaintiffs Response to Defendants Motion for Summary Judgment.

## VI.  ADMISSIONS OF FACT

A.     The following statements of fact are not disputed, although each party reserves the right to dispute the materiality, relevance, and legal effect, if any, of any of these undisputed facts.

B.     The City of Corpus Christi is a local governmental entity, a municipality, and a political subdivision of the State of Texas.

C.     The City of Corpus Christi employs persons engaged in firefighting activities.

D.     The relevant collective bargaining agreements state,"The regular work shift for fire fighting personnel assigned to fire suppression or emergency medical services duties shall be based upon a schedule of 24 hours on and 48 hours off for a yearly average of 54 hours per week.  For purposes of overtime calculations under the Fair Labor Standards Act, the City shall utilize a 27-day work cycle ..."

E.     The Plaintiffs are or were firefighters.

F.     The relevant collective bargaining agreements state, "To the extent that any of the provisions of the agreement conflict with Chapter 143 or any other State Civil Service Statute, the provisions of the agreement shall control and the applicability of such statutes are altered accordingly."

G.     The Plaintiffs are or were all covered by the Collective Bargaining agreements.

H.     The City of Corpus Christi follows a twenty-seven (27) day work cycle with respect to firefighters and has done so at least since 1988.

## VII.  CONTESTED ISSUES OF FACT

Defendant is not presently aware of any.

The parties have agreed to submit the issue of liability to the Court, and bifurcate the issue of damages. See Joint Motion to Remove From the Jury Docket and to Bifurcate Trial.

## VIII.  AGREED APPLICABLE PROPOSITIONS OF LAW

None.

## IX.  CONTESTED PROPOSITIONS OF LAW

A.     The City of Corpus Christi is a "public agency" as defined in the FLSA at 29 USC 203(x).

B.     Defendant qualifies for and has adopted the 29USC 207(k) FLSA exemption.

C.     The City is not obligated to pay overtime to its firefighters when they work in excess of 40 hours per week.

D.     Under the provisions of 29 USC 207(k) and Department of Labor regulations (29 CFR Section 553.230) no overtime is due City of Corpus Christi firefighters until they have worked over 204 hours during the 27 day cycle.

E.     Defendant has not agreed in its collective bargaining agreements with the Corpus

Christi Firefighters' Association to pay overtime for time worked in excess of 40 hours in a workweek.

F.     The Plaintiffs' agreement to work an average 54 hours per week in the relevant collective bargaining agreements is a waiver of the provisions, if any, of Local Government Code Chapter 142.0015 providing for a 40 hour work week.

G.     By waiving the Chapter 142.0015 forty (40) hour workweek provisions, if any, Plaintiffs are estopped from seeking any kind of overtime remedy under Chapter 142.0015.

H.     Under the provisions of Texas Local Government Code Sections 174.006 and 174.022, the terms of the relevant collective bargaining agreements prevail over the relevant provisions of Local Government Code Chapter 142.

I.     Whether Defendant received fair notice in Plaintiffs' petition of the allegations contained in paragraphs II and III of Plaintiffs' Response to Defendant's Motion for Summary Judgment.

J.     Whether the allegations contained in paragraphs II and III of Plaintiffs' Response to Defendant's Motion for Summary Judgment are material to the contentions in Plaintiffs' petition.

K.     Whether the provisions of Local Government Code Sections 142.0015(f) and 142.0015(h) apply to firefighters.

## X. EXHIBITS

Defendants Exhibit list is attached as Exhibit A.  Plaintiffs have previously been provided a copy of Defendant's exhibits.

## XI.  WITNESSES

A.     The names and addresses of Defendants witnesses who may be called with a brief statement of the nature of their testimony is attached as Exhibit B.

B.  If other witnesses to be called at the trial become known, their names, addresses, and subject

of their testimony will be reported to opposing counsel in writing as soon as they are known;

this does not apply to rebuttal or impeachment witnesses.

## XII.  SETTLEMENT

The parties have engaged in mediation.  No agreement was reached.  All settlement efforts

have been exhausted; the case cannot be settled, and it will have to be tried.

## XII.  TRIAL

A.  Probable length of trial is two (2) days.

B.  No logistical problems are anticipated.

C.  The parties have agreed to a non-jury trial.

## XIII.  ATTACHMENTS

The following exhibits are attached:

A.  List of Exhibits for Defendant.

B.  List of Witnesses for Defendant.

C.  Proposed Findings of Fact

D.  Conclusions of Law, with authority

Date: _____

_____
UNITED STATES DISTRICT JUDGE

PETER MERKL
CITY OF CORPUS CHRISTI
STATE BAR NO. 13955300
FEDERAL I.D. NO. 13564
LEGAL DEPARTMENT
P. O. BOX 9277
CORPUS CHRISTI, TEXAS 78469
(361) 880-3360 TELEPHONE
(361) 880-3239 TELECOPIER

# CERTIFICATE OF SERVICE

I do hereby certify that on this **21st** day of **November, 2000**, a true and correct copy of City

of Corpus Christi's Proposed Pretrial Order was served on the following:

**VIA CM/RRR Z 430 759 493:**

Kathleen L. Day
Attorney at Law
P. O. Box 1517
Corpus Christi, TX 78403-1517

**VIA CM/RRR Z 430 759 494:**

Mr. Kim Cox
Attorney at Law
1014 Texas Avenue
P. O. Box 331394
Corpus Christi, Texas 78463-1394

**Peter G. Merkl**

A

CVisPDF – www.fastio.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

MARY COLLINS, THOMAS MURPHY,       §
ROBERT POLANCO, MARK WAGNER,       §
JOHN CAMPBELL AND WELDON           §
WALKER                             §
                                   §      CIVIL ACTION NO. C-00-066
VS.                                §
                                   §
CITY OF CORPUS CHRISTI             §

### DEFENDANT'S EXHIBIT LIST

Defendant City of Corpus Christi submits to the Court the following list of Exhibits:

| Defendant's Exhibits | Document | Offered | Admitted |
|---|---|---|---|
| 1 | Agreement Between The City of Corpus Christi and The Corpus Christi Firefighters' Association August, 1996 Through July, 1997 | | |
| 2 | Agreement Between The City of Corpus Christi and The Corpus Christi Firefighters' Association August, 1997 Through July, 2000 | | |

Respectfully submitted,

**Attorney-in-Charge for
CITY OF CORPUS CHRISTI**

By: _____

Peter Merkl, Assistant City Attorney
State Bar No. 13955300
Federal I.D. No. 13564
Senior Assistant City Attorney
Legal Department
P.O. Box 9277
Corpus Christi, TX 78469-9277
(361) 880-3379
(361) 880-3239 **Fax**

H:\LEG-DIR\NOEMI\PETER\LIT\4455COLL\4455PM31.PLD        1

B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MARY COLLINS, THOMAS MURPHY,** | § | |
| **ROBERT POLANCO, MARK WAGNER,** | § | |
| **JOHN CAMPBELL AND WELDON** | § | |
| **WALKER** | § | |
| | § | **CIVIL ACTION NO. C-00-066** |
| **VS.** | § | |
| | § | |
| **CITY OF CORPUS CHRISTI** | § | |

## DEFENDANT'S WITNESS LIST

Defendant City of Corpus Christi submits to the Court the following list of witnesses:

1.    Plaintiffs:

   Mary Collins
   Thomas Murphy
   Robert Polanco
   Mark Wagner
   John Campbell
   Weldon Walker

2.    Cynthia Garcia
   Human Resources Director
   City of Corpus Christi
   P. O. Box 9277
   Corpus Christi, Texas 78469-9277
   (361) 880-3300
   *Has knowledge of relevant firefighter pay issues*

3.    Sandra Black and Kimberly Galan-Flores
   Payroll Section Supervisors
   City of Corpus Christi
   P. O. Box 9277
   Corpus Christi, Texas 78469-9277
   (361) 880-3000
   *Have knowledge of relevant firefighter pay issues.*

4.      Raymond G. Cordelli
        Cordelli & Associates, Inc.
        5125 Woods Resort
        Hedgesville, WV 25427-5125
        (304) 754-7294
        *Has knowledge of relevant firefighter pay issues*

        If other witnesses to be called at the trial become known, their names, addresses, and

subject of their testimony will be reported to opposing counsel in writing as soon as they are

known; this does not apply to rebuttal or impeachment witnesses.

                              Respectfully submitted,

                              **Attorney-in-Charge for
                              CITY OF CORPUS CHRISTI**

        By:   _____
                              Peter Merkl, Assistant City Attorney
                              State Bar No. 13955300
                              Federal I.D. No. 13564
                              Senior Assistant City Attorney
                              Legal Department
                              P.O. Box 9277
                              Corpus Christi, TX  78469-9277
                              (361) 880-3379
                              (361) 880-3239  **Fax**

C

CitisPDF – www.fastio.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MARY COLLINS, THOMAS MURPHY,** | § | |
| **ROBERT POLANCO, MARK WAGNER,** | § | |
| **JOHN CAMPBELL AND WELDON** | § | |
| **WALKER** | § | |
| | § | **CIVIL ACTION NO. C-00-066** |
| **VS.** | § | |
| | § | |
| **CITY OF CORPUS CHRISTI** | § | |

## CITY OF CORPUS CHRISTI'S PROPOSED FINDINGS OF FACT

A.      The City of Corpus Christi is a local governmental entity, a municipality, and  a political subdivision of the State of Texas.

B.      The City of Corpus Christi employs persons engaged in firefighting activities.

C.      The relevant collective bargaining agreements state,"The regular work shift for fire fighting personnel assigned to fire suppression or emergency medical services duties shall be based upon a schedule of 24 hours on and 48 hours off for a yearly average of 54 hours per week.  For purposes of overtime calculations under the Fair Labor Standards Act, the City shall utilize a 27-day work cycle ..."

D.      The Plaintiffs are or were firefighters.

E.      The relevant collective bargaining agreements state, "To the extent that any of the provisions of the agreement conflict with Chapter 143 or any other State Civil Service Statute, the provisions of the agreement shall control and the applicability of such statutes are altered accordingly."

F.      The Plaintiffs are or were all covered by the Collective Bargaining agreements.

G.      The City of Corpus Christi follows a twenty-seven (27) day work cycle with respect to firefighters and has done so at least since 1988.

D

CVisPDF – www.fasiisi.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MARY COLLINS, THOMAS MURPHY,** | § | |
| **ROBERT POLANCO, MARK WAGNER,** | § | |
| **JOHN CAMPBELL AND WELDON** | § | |
| **WALKER** | § | |
| | § | **CIVIL ACTION NO. C-00-066** |
| **VS.** | § | |
| | § | |
| **CITY OF CORPUS CHRISTI** | § | |

## CITY OF CORPUS CHRISTI'S PROPOSED CONCLUSIONS OF LAW

A.      The City of Corpus Christi is a "public agency" as defined in the FLSA at 29 USC 203(x).

B.      Defendant qualifies for and has adopted the 29USC 207(k) FLSA exemption.

C.      The City is not obligated to pay overtime to its firefighters when they work in excess of 40 hours per week.

D.      Under the provisions of 29 USC 207(k) and Department of Labor regulations (29 CFR Section 553.230) no overtime is due City of Corpus Christi firefighters until they have worked over 204 hours during the 27 day cycle.

E.      Defendant has not agreed in its collective bargaining agreements with the Corpus Christi Firefighters' Association to pay overtime for time worked in excess of 40 hours in a workweek.

F.      The Plaintiffs' agreement to work an average 54 hours per week in the relevant collective bargaining agreements is a waiver of the provisions, if any, of Local Government Code Chapter 142.0015 providing for a 40 hour work week.

G.     By waiving the Chapter 142.0015 forty (40) hour workweek provisions, if any, Plaintiffs are estopped from seeking any kind of overtime remedy under Chapter 142.0015.

H.     Under the provisions of Texas Local Government Code Sections 174.006 and 174.022, the terms of the relevant collective bargaining agreements prevail over the relevant provisions of Local Government Code Chapter 142.

I.     Defendant did not receive fair notice in Plaintiffs' petition of the allegations contained in paragraphs II and III of Plaintiffs' Response to Defendant's Motion for Summary Judgment. Conley v. Gibson, 355 U.S. 41, 47-48 (1957).

J.     The allegations contained in paragraphs II and III of Plaintiffs' Response to Defendant's Motion for Summary Judgment are not material to the contentions in Plaintiffs' petition. Anderson v. Liberty Lobby, 477 U.S. 242 (1986).

K.     The provisions of Local Government Code Sections 142.0015(f) and 142.0015(h) do not apply to firefighters.

4455PM32.PLD